UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACKSON JAVIER BAUTISTA GUERRERO,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, Field Office Director of Enforcement and Removal Operations, BOSTON Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ANTONE MONIZ, Superintendent of PLYMOUTH COUNTY CORRECTIONAL FACILITY; JOSEPH D. MCDONALD, Sheriff of Plymouth County,<br><br>Respondents. | Case No.<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.§ 2241 AND FOR DECLARATORY, AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

Petitioner, JACKSON JAVIER GUERRERO BAUTISTA, by and through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and for declaratory and injunctive relief, and alleges as follows:

1. Petitioner is a civil immigration detainee currently held at Plymouth County Correctional Facility ("PCCF") in Plymouth, Massachusetts. He is not serving any criminal sentence and is detained solely under the immigration laws.

2. Petitioner is HIV-positive and requires continuous, carefully managed medical treatment, regular monitoring of viral load and CD4 count, and prompt treatment of opportunistic infections

PETITION FOR WRIT OF HABEAS CORPUS - 1

and complications. Interruptions in HIV treatment can cause viral rebound, immune system deterioration, and death. *See Exhibit 5; See also Exhibit 6.*

3.   Petitioner has a pending asylum application (Form I-589) based on a well-founded fear of persecution if returned to Ecuador. His removal proceedings are ongoing.

4.   The state criminal case that initially led to his arrest was nol prossed on or about November 17, 2025, eliminating any criminal-punishment justification for his continued incarceration. *See Exhibit 4.*

5.   On belief, PCCF has failed to provide Petitioner with constitutionally adequate HIV care or conditions of confinement appropriate for an immunocompromised civil detainee. He has experienced interruptions and delays in receiving his necessary medication.

6.   Petitioner has deep ties to the United States. He has children and a long-term partner here who depend on him for emotional and financial support. His detention has destabilized his family, caused serious emotional distress to his children, and deprived them of his daily care and presence. *See Exhibit 3.*

7.   Because Petitioner is a civil detainee, his detention may not be punitive and must bear a reasonable relation to legitimate governmental purposes such as ensuring appearance and public safety. DHS-ICE has significant discretion to release immigration detainees, *see* 8 U.S.C.§1226(a), and has a long-standing practice of releasing for humanitarian reasons even those whose detention has been mandated under particular immigration detention statutes, *see* 8 U.S.C.§§1182(d)(5); 1225(b); 1226(c). In light of the dismissal of his criminal case, combined with his pending asylum application, serious medical vulnerability, and strong family and community ties, his continued detention in a punitive county jail setting is excessive and punitive.

PETITION FOR WRIT OF HABEAS CORPUS - 2

8. Petitioner therefore seeks emergency habeas relief and declaratory and injunctive relief. He respectfully requests that this Court order his release from immigration detention because his continued confinement is unlawful under the Due Process Clause.

## JURISDICTION

9. Petitioner is in the physical custody of Respondents. Petitioner is detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.. *See Exhibit 1.*

10. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

11. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

12. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of Massachusetts, the judicial district in which Petitioner currently is detained. *See Exhibit 1.*

13. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the District of Massachusetts.

## PARTIES

14. Petitioner, JACKSON JAVIER BAUTISTA GUERRERO, is a native and citizen of ECUADOR. He is HIV-positive and currently detained by ICE at Plymouth County Correctional Facility in Plymouth, Massachusetts, while his asylum application remains pending.

15. Respondent ANTONE MONIZ is the Superintendent of Plymouth County Correctional Facility and has immediate physical custody of Petitioner. He is sued in his official capacity.

16. Respondent TODD M. LYONS is the Field Office Director for Enforcement and Removal Operations, Boston Field Office, U.S. Immigration and Customs Enforcement ("ICE"), responsible for immigration detention and release decisions for noncitizens detained at PCCF. He is sued in his official capacity.

17. Respondent KRISTI NOEM is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

18. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

19. Respondent PAMELA BONDI is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

20. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

21. Respondent JOSEPH D. MCDONALD is the Sheriff of Plymouth County, the official responsible for the operation of the Plymouth County Correctional Facility where Petitioner is detained. He has immediate physical custody of Petitioner and is sued in his official capacity.

**LEGAL FRAMEWORK**

22. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

23. In the First Circuit, "a district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination on the merits." *Savino v. Souza*, 453 F. Supp. 3d 441, 453 (D. Mass. 2020).

24. It is an "indisputable principle that the government has the obligation to safeguard the physical security of those it incarcerates, to protect them from known risks." *Yanes v. Martin*, 464 F. Supp. 3d 467, 469 (D.RI. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). This is true not only for individuals incarcerated for criminal offenses, who are protected by the Eighth Amendment, but also for people in civil detention through operation of the Fifth Amendment's due process clause. *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

25. "Civil immigration detainees can establish a due process violation by showing that a government official knew or should have known of a condition that posed an excessive risk to health and failed to take appropriate action. *Id.*

**FACTUAL BACKGROUND**

26. Petitioner entered the United States on or about December 2, 2023 and has resided in the United States since that time.

27. Petitioner is not subject to any final order of removal at this time.

PETITION FOR WRIT OF HABEAS CORPUS - 5

28. Petitioner fears persecution and serious harm in Ecuador on account of HIV status.

29. Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal and protection under the Convention Against Torture. His asylum application remains pending before the Hartford Immigration Court.

30. Petitioner was previously charged in a state criminal matter in Milford Superior Court. On or about November 18, 2025, the prosecutor entered a *nolle prosequi* and Petitioner is no longer subject to criminal prosecution or sentence in that case. The *nolle prosequi* of his criminal case eliminated any criminal punishment rationale for Petitioner's incarceration.

31. Notwithstanding the *nolle prosequi*, ICE has continued to detain Petitioner under 8 U.S.C. § § 1226(c), and he has been held at PCCF as a civil immigration detainee.

32. On or about November 20, 2025, Petitioner appeared before an Immigration Judge for a custody redetermination hearing. Petitioner presented evidence of the *nolle prosequi* of his criminal case, his pending asylum application, his family and community ties, and his HIV-related medical vulnerability. *See Exhibits 3*-6. The Immigration Judge nevertheless denied bond, leaving Petitioner detained in a county jail environment.

33. Petitioner's continued civil detention in a punitive jail setting, in violation of his due process right to safe detention conditions, after his criminal case has been nolle prosed and while he seeks lawful protection from persecution, is punitive and excessive in relation to any legitimate governmental purpose.

34. Petitioner has built his life in the United States. Prior to his detention, he resided in New Haven, Connecticut, where he developed strong community ties, including relationships with friends, neighbors, coworkers, and members of his faith. *See Exhibit 3*.

PETITION FOR WRIT OF HABEAS CORPUS - 6

35. Petitioner is the father of two children, both of whom reside in the United States and depend on him for emotional and financial support. They are both named derivatives on his I-589 asylum application.

36. Before his detention, Petitioner played an active, daily role in his children's lives, including helping with school, providing childcare, attending medical appointments, and contributing financially to rent, food, and utilities. *See Exhibit 3.*

37. Petitioner also has a long-term partner in the United States, Jessica Mariuxi Ortega Quinonez, with whom he shared a home. His partner is now solely responsible for caring for the children and maintaining the household in his absence. Petitioner's detention has caused his children and partner significant emotional hardship, including anxiety, sadness, and fear of permanent family separation. It has also caused financial instability, as they have lost his income and support. *See Exhibit 3.*

38. If released, Petitioner will live in a stable residence with his partner and children in New Haven, Connecticut, and he will comply with any conditions of supervision that the Court or ICE may impose, including regular check-ins.

39. Petitioner is HIV-positive. Prior to his detention, he received HIV care from Fair Haven Community Health Center, who prescribed a specific medical regimen. *See Exhibit 5 and 6.*

40. Despite having notice of Petitioner's diagnosis and needs, Respondents have failed to provide constitutionally adequate HIV care, including but not limited to:

1. Delays in initiating and/or re-starting his antiretroviral therapy upon arrival at PCCF;

2. Interruptions in access to his required medication, including days when he has gone without prescribed medication;

3. Failure to provide required ongoing treatment by an HIV-experienced specialist; and

4.  Delayed or inadequate responses to symptoms consistent with HIV-related complications, such as repeated nosebleeds

41. PCCF's general jail conditions are especially dangerous for an immunocompromised detainee.

42. Many recent court rulings have recognized the enhanced risk of transmitting communicable diseases in crowded jail and prison settings. *See, e.g., Jimenez v. Wolf*, No. 18-10225-MLW (D. Mass. Mar. 26, 2020) (ordering release of immigrant detainee in the midst of the COVID-19 pandemic and noting that "being in a jail enhances risk" and that in jail "social distancing is difficult or impossible"); *United States v. Stephens*, No. 15-cr-95-AJN, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (ordering the release of inmate in Federal Bureau of Prisons custody due, in part, to risk posed by COVID-19 in the facility); *In the Matter of the Extradition of Alejandro Toledo Manrique*, Case No. 19-mj-71055, 2020 WL 1307109, at *1 (N. D. Cal. March 19, 2020) (ordering change to conditions of bail for an individual to postpone incarceration, in part in light of risk of vulnerability to the coronavirus) *United States v. Barkman*, No. 3:19-cr-0052-RCJ-WGC, 2020 U.S. Dist. LEXIS 45628 (D. Nev. Mar. 17, 2020). For an immunocompromised person like this Petitioner, this is a life-threatening risk.

43. If further detained, because of his compromised immune system, these conditions place Petitioner at heightened risk of contracting communicable diseases and suffering severe consequences from routine infections.

PETITION FOR WRIT OF HABEAS CORPUS - 8

**CLAIMS FOR RELIEF**

**COUNT I**
*Issuance of a Writ of Habeas Corpus Relief*

44. Petitioner realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45. The Due Process Clause prohibits the federal government from punishing civil detainees and from detaining a person where detention is excessive in relation to any legitimate governmental purpose, such as ensuring appearance or protecting public safety.

46. He is detained solely under the civil immigration statutes while his asylum case is pending.

47. Petitioner has strong family and community ties, including his children and long-term partner in the United States, and a stable home to which he can return. These ties support his appearance at future proceedings and demonstrate that less restrictive alternatives to detention are feasible.

48. In light of the nolle prosequi of his criminal case, his pending asylum application, his HIV-related medical vulnerability, and his family and community ties, Petitioner's continued detention in a county-jail setting is excessive and punitive, rather than narrowly tailored to serve a legitimate regulatory purpose.

49. Respondents' insistence on detaining Petitioner in jail-like conditions, rather than using less restrictive alternatives such as supervised release, electronic monitoring, or check-ins, violates the Due Process Clause.

50. Accordingly, Petitioner's ongoing civil detention is unconstitutional, and habeas relief is appropriate.

## COUNT II

*Violation of Fifth Amendment Right to Due Process--Unlawful*
*Punishment; Freedom from Cruel Treatment and Conditions of Confinement*

51. Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

52. The Fifth Amendment to the U.S. Constitution guarantees that civil detainees, including all immigrant detainees, may not be subjected to punishment. The government violates this substantive due process right when it subjects civil detainees to treatment and conditions of confinement that amount to punishment or does not ensure the detainees' safety and health.

53. Petitioner's HIV is a serious medical condition. Respondents know of his diagnosis and of the risks posed by interruptions in medication and unsafe conditions, yet they have failed to provide continuous access to his medications, regular monitoring, specialist care, or medically appropriate conditions of confinement.

54. There is no legitimate governmental objective that justifies detaining the Petitioner in such dangerous conditions. Furthermore, given the existence of alternative measures, the government can still achieve its goals—such as maintaining custody, control over the Petitioner, and effectuating his removal from the United States—without subjecting him to these dangers.

55. Respondents deliberate indifference to Petitioner's serious medical needs, combined with his confinement in overcrowded, unsanitary, and medically unsafe conditions, violates the Fifth Amendment's Due Process Clause and Eighth Amendment principles incorporated therein.

56. The danger posed by Petitioner's detention given his medical condition is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk" and

PETITION FOR WRIT OF HABEAS CORPUS - 10

violates his constitutional right to safety in government custody. *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

57. These conditions render Petitioner's ongoing detention unconstitutional. Habeas corpus is properly used to challenge detention that has become unlawful due to unconstitutional conditions.

58. Petitioner faces irreparable harm absent immediate judicial intervention. Inadequate HIV treatment and unsafe jail conditions place him at risk of disease progression, opportunistic infections, irreversible injury, and death.

59. Petitioner's continued detention also causes irreparable harm to his children and partner, who are deprived of his presence, care, and support.

60. Every additional day that Petitioner remains detained under current conditions increases the risk of irreversible harm to his health and deepens the emotional and economic harm to his family.

61. The balance of equities tips sharply in Petitioner's favor. The government's interest in detaining him is minimal given his pending asylum application, his strong family and community ties, and the availability of less restrictive alternatives.

62. By contrast, Petitioner faces severe and potentially life-threatening consequences from continued detention, and his children and partner suffer serious emotional and financial hardship.

63. The public interest is served by upholding constitutional protections, ensuring humane treatment and adequate medical care for individuals in government custody, and avoiding unnecessary family separation and detention of medically vulnerable individuals.

**COUNT III**
*(Violation of the Rehabilitation Act and Americans with Disabilities Act –*
*Failure to Provide Reasonable Accommodation*
*to Persons with Disabilities)*

64. Section 504 of the Rehabilitation Act and the Americans with Disabilities Act ("ADA") require federal agencies to provide "reasonable accommodations" to individuals with disabilities so they can fully participate in benefits administered by these agencies. 29 U.S.C. § 794(a), 42 U.S.C. § 12132.

65. DHS regulations implementing the Rehabilitation Act mandate that "[n]o qualified individual with a disability in the United States, shall, by reason of his or her disability, be excluded from participation in, be denied benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the Department." 6 C.F.R. § 15.30; see also 29 U.S.C. § 794(a).

66. Petitioner meets the definition of a handicapped and/or disabled person for purposes of these statutes.

67. Petitioner's underlying medical conditions, qualify as disabilities for purposes of the Rehabilitation Act and the ADA. 29 U.S.C. § 705(2)(B); 42 U.S.C. §§ 12102, 12132.

68. The regulations implementing Section 504 prohibit entities receiving federal financial assistance from utilizing "criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons." 34 C.F.R. § 104.4(b)(4).

69. In failing to provide adequate medical care to the Petitioner, the Respondents are violating his rights under the Rehabilitation Act and the ADA.

## PRAYER FOR RELIEF

The Petitioner respectfully requests this Court:

1. Issue a Writ of Habeas Corpus and order the immediate release of JACKSON JAVIER GUERRERO BAUTISTA or placement in community-based alternatives to detention such as conditional or supervised release, with appropriate precautionary health measures, on the ground that his continued detention violates the Due Process Clause and/or violates the Rehabilitation Act;

2. In addition to or in the alternative, the Court is moved to issue injunctive relief ordering the immediate release of Petitioner;

3. Declare that Defendants' detention is unconstitutional in violation of the Fifth Amendment as well as the Rehabilitation Act;

4. Award costs and reasonable attorneys' fees under The Equal Access to Justice Act (EAJA) 5 U.S.C. § 504; 28 U.S.C. § 2412; and

5. Grant such further relief as the Court deems justice to require.

DATED this 24th day of November, 2025.

Respectfully Submitted,

*Attorneys for Petitioner*

/s/Melissa Allen Celli
Melissa Allen Celli
BBO# 666171
Strehorn, Ryan & Hoose

100 Main Street, 3rd Floor
Northampton, MA 01060
413-586-4800
mcelli@strhlaw.com

/s/Celina B. Curillo
Celina B. Curillo
Law Office of Celina B. Curillo
64 North Street
Danbury, CT
203-892-4060
celina@cbclaw.net

/s/Glenn L. Formica
Formica, P.C.
195 Church St., Floor 11
New Haven, CT 06510
203-787-1946
gformica@formicalaw.com

## COUNSEL'S VERIFICATION

I am submitting this verification on behalf of the Petitioner as their attorney. I have discussed the events described in this Petition and Complaint with immigration counsel, who is in close contact with Petitioner's family and the petitioner himself. And I have reviewed all documentation made available to me. On the basis of those discussions and my review of the supporting documentation, I hereby verify that the statements made and facts set forth in the foregoing Verified Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief.

/s/Melissa Allen Celli

PETITION FOR WRIT OF HABEAS CORPUS - 14